Geo. A. Rice et al., Appellants, v. Minnie Yockey-Klein et al., Appellees.

No. 44951.

OCTOBER 17, 1939.

Geo. A. Rice and W. L. Hassett, for appellants.

Bennett, Shoup & Nickle, for appellees.

SAGER, J.—On the 28th day of May, 1895, Richard C. Rice executed the will under examination. He died on the 28th day of January, 1898. The will, omitting formal parts, is as follows:

"I give and bequeath unto Minnie Yockey, who has lived with us so long, One Thousand Dollars to be paid her as follows: Two Hundred and Fifty Dollars one year from the date of my death, Two Hundred and Fifty Dollars two years from the date of my death, and the balance of One Thousand Dollars three years from the date of my death.

"The balance of my property after all debts and obligations are provided for: I give and bequeath the use and income from it to my wife, Hattie E. Rice as long as she shall live, then I give and bequeath it to be equally divided between those who are then living of my brothers, sisters, W. W. Smith, who has been in business with me so long, and Minnie Yockey. This bequest does not include my wife's dower that I desire her to dispose of as she chooses.

"I desire that my wife, Hattie E. Rice, shall be appointed Administrator and do what she thinks best to receive as large an income from my part of the property as she can, and to take all the comfort with it, she can receive."

This will was admitted to probate and the widow qualified and acted as executor until her death on February 14, 1936. At the death of the testator, there survived him his widow, four sisters and two brothers. There were no children. When Hattie E., the widow, died, none of the brothers and sisters were living and plaintiffs, by will and inheritance, succeeded to the estates of their respective ancestors. It is the claim of the heirs of the brothers and sisters that a proper construction of the will gave them interest in the estate of Richard C. Rice. Minnie Yockey-Klein and W. W. Smith survived the widow, but Smith died on the 14th day of May, 1936, leaving as his heirs two daughters and a son, defendants herein. The administrators of Rice and of Smith are made parties-defendants herein.

It will be seen that the question before us is as appellants put it: "The question involved being whether the title to the real estate vested at the time of the death of Richard C. Rice or at the time of the death of the widow who held the life estate."

The will was written by Rice himself. He is described as a man of good education, a physician and surgeon, a banker and one of the leading business and civic figures in the community in which he lived. These qualifications are vigorously urged as arguing that a man of such training, education and experience would not be likely to make a will which, as construed by the trial court, operated to leave his property to Minnie Yockey-Klein and the heirs of W. W. Smith to the exclusion of his own blood.

The court, by its decree, found that a proper construction of the will was that the title to the property vested at the death of the widow, the life tenant, and not at the death of the testator. We have followed with interest the vigorous and scholarly brief of appellants but have not been persuaded that appellants' contentions are sound. The will is in its terms plain and it appears to us nothing but a forced and unnatural construction of words could give it a meaning other than that given it by the lower court. The language of the will seems to us too plain to admit of any other construction.

We have very recently had occasion to make an extensive examination of the legal principles applicable. We held, in Smith v. Harris, 227 Iowa 127, 287 N. W. 255, Oliver, C. J., speaking for the court, against the contentions of appellants on the question now before us. The trial court's decision is in line with that opinion and its decree is affirmed.—Affirmed.

OLIVER, C. J., and MILLER, HAMILTON, HALE, MITCHELL, BLISS, STIGER, and RICHARDS, JJ., concur.